**578** ◼ ▬▬▬▬▬▬▬▬▬▬▬▬▬

body' and not 'income from the buildings, grounds, etc.' The court then said: 'We think, therefore, a proper construction of the language used in the section requires the exemption of the entire property of this institution, wherever situated, and in whatever form its investments may be found.'" [299 Ky. 566, 186 S.W.2d 196.]

The latter case was decided five years after this section of the constitution was adopted. The intent of the framers was fresh in the minds of the Court at that time. The effect of the majority opinion is to circumscribe the time-honored holding in the two cases cited, and many times approved.

For these reasons, I am compelled to dissent from the opinion of my able brethren.

Fritz Krueger, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

PER CURIAM.

Appellant, Edward Jackson Stevens, was convicted in the Pulaski Circuit Court of the offense of operating a motor vehicle on a highway while under the influence of intoxicating liquor.

We have reviewed the record and are of opinion that the evidence and the law support the verdict and judgment entered.

The motion for an appeal is therefore overruled and the judgment stands affirmed.

Edgar Jackson STEVENS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 24, 1960.

LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant,

v.

Mary Elizabeth BUSH, Appellee.

Court of Appeals of Kentucky.

June 24, 1960.

